UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

37-2009-00103309-CU-BT-CTL

| | |
|---|---|
| STANLEY H. EPSTEIN, an individual,<br><br>    Plaintiff,<br>v.<br><br>AT&T COMMUNICATIONS OF CALIFORNIA, INC., a California Corporation, and DOES 1 through 100,<br><br>    Defendants. | Case No. 10cv1165 BTM(WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND REMANDING TO STATE COURT** |

Defendant AT&T Communications of California, Inc. ("AT&T" or "Defendant") has filed a motion to dismiss Plaintiff Stanley Epstein's claims for (1) violation of Cal. Bus. & Prof. Code § 17200; (2) negligent misrepresentation; (3) violation of 47 U.S.C. § 201; and (4) breach of the implied covenant of good faith and fair dealing. For the reasons discussed below, Defendant's motion to dismiss the claim brought under 47 U.S.C. § 201 is **GRANTED**. In addition, the Court declines to exercise supplemental jurisdiction over the remaining state claims and **REMANDS** the case to the Superior Court of the State of California, County of San Diego.

I. BACKGROUND

Plaintiff is a customer of AT&T. (First Am. Compl. ("FAC") ¶ 21.) Plaintiff's contract with AT&T includes pay-per-use provisions for features like call waiting and three-way

1

conference calling (collectively, "three-way calling"). (FAC ¶¶ 12-13.) Each use of the three-way calling features results in a $0.75 charge. (FAC ¶ 23.) The relevant provision in Plaintiff's contract with AT&T reads as follows:

> 4.5.1 <u>Calling Feature Descriptions</u>
>
> Pay-Per-Use Features
>
> Allow customers to use Call Return, Call Trace, Repeat Dialing and Three-Way Calling on a pay-per-use basis. Customers are charged for each successful activation of the feature.

During the periods of July 19, 2009 through August 19, 2009 and October 19, 2009 through November 19, 2009, instances occurred where Plaintiff was engaged in a two-way phone call when his phone indicated that another caller was waiting. Plaintiff attempted to answer the other call using AT&T's call-waiting service, but by the time Plaintiff switched lines, the second caller had already hung up. Plaintiff received a dial tone and never spoke to the second caller. (FAC ¶ 21.) On his bills for the periods of July 19, 2009 - August 19, 2009 and October 19, 2009 - November 19, 2009, Plaintiff was charged for three uses of the three-way-calling feature even though he had not successfully completed any three-way calls. (FAC ¶ 23.) Plaintiff alleges that he reasonably relied on the representation that he would only be charged for successful uses of pay-per-use features in choosing AT&T as his phone service provider. (FAC ¶ 22.)

On December 4, 2009, Plaintiff filed an action in California Superior Court in San Diego County on behalf of a putative class including all AT&T California customers wrongfully billed for three-way calling services. (Compl. ¶ 12.) The original action included claims for (1) violation of Cal Bus. & Prof. Code § 17200; and (2) negligent misrepresentation. (Compl. ¶¶ 18-32.)

On January 22, 2010, Defendant filed a demurrer to Plaintiff's Complaint.

On April 26, 2010, Plaintiff filed a FAC that added three claims for (1) violation of 47 U.S.C. § 201; (2) breach of contract; and (3) breach of the implied covenant of good faith

and fair dealing.

On May 28, 2010, Defendant filed a Notice of Removal based on the federal question raised by the 47 U.S.C. § 201 claim, with the other claims subject to supplemental jurisdiction based on 28 U.S.C. § 1367(a). (Def.'s Notice of Removal ¶¶ 8-9.)

After removal, Defendant filed the instant motion to dismiss Plaintiff's claims for (1) violation of Cal. Bus. & Prof. Code § 17200; (2) negligent misrepresentation; (3) violation of 47 U.S.C. § 201; and (4) breach of the implied covenant of good faith and fair dealing.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Howvever, only factual allegations must be accepted as true—not legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1949.

## III. DISCUSSION

**A.      Private Right of Action Under 47 U.S.C. § 201**

47 U.S.C. § 201(b), part of the Federal Communications Act, provides, "All charges, practices, classifications, and regulations for and in connection with such communication

3

service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful." Plaintiff contends that AT&T's practice of charging pay-per-use customers for unsuccessful three-way calls is unjust or unreasonable and in violation of Section 201(b).

According to Plaintiff, 47 U.S.C. §§ 206 and 207 provide him with a private right of action for damages resulting from Defendant's violation of § 201(b). Section 206 states that if a common carrier makes any act or omission "in this chapter prohibited or declared to be unlawful . . . such common carrier shall be liable to the person or persons injured thereby . . . ." Section 207 provides, "Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the [FCC], or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter."

Plaintiff, however, overlooks a prerequisite to filing suit for a violation of § 201(b) – i.e., a determination by the FCC that the practice in question is unjust or unreasonable. In North County Comm'n Corp. v. California Catalog & Tech., 594 F.3d 1149 (9th Cir. 2010), the plaintiff, a competitive local exchange provider, filed suit under §§ 206 and 207, seeking a declaratory judgment that it was entitled to compensation from a commercial mobile radio service for calls originating on the service's network and terminating on the plaintiff's network. The court dismissed the declaratory judgment claim, holding that the FCC first has to make a determination that a practice is unfair or unreasonable before courts can find a violation of § 201(b). Id. at 1158. "[I]t is within the Commission's purview to determine whether a particular practice constitutes a violation for which there is a private right of compensation." Id. The court also held that absent an established violation of § 201(b), the plaintiff had no remedy under §§ 206 or 207. Id. at 1160.

As in North County, the FCC apparently has made no determination regarding the unfairness or unreasonableness of AT&T's billing practices for unsuccessful three-way calls. Plaintiff does not make any claim that he has sought such a determination from the FCC or that the FCC made such a determination previously. Therefore, Plaintiff cannot state a claim

4

1 against AT&T for violation of § 201(b).

2   Plaintiff's attempts to distinguish North County are unavailing. Plaintiff seeks to limit
3 North County's holding to require FCC determinations only when federal regulatory schemes
4 are involved. However, nowhere in North County does the Ninth Circuit indicate that its
5 holding is limited to the context of federal regulations. The Ninth Circuit does not qualify its
6 conclusion that "an FCC determination is integral to claims involving § 201(b)." Id. at 1158.

7   Subsequent cases have confirmed that North County's holding is not limited to cases
8 involving regulatory schemes. In Higdon v. Pacific Bell Telephone Co., No. C 08-03526,
9 2010 WL 1337712, at *1 (N.D. Cal. Apr. 2, 2010), the plaintiffs brought a § 201(b) claim,
10 alleging that AT&T's alleged failure to inform subscribers of its Caller ID policies was an
11 unjust or unreasonable practice. Relying on North County, the court dismissed the claim
12 because the FCC had not made a determination whether the challenged practice was unjust
13 or unreasonable.

14   Similarly, in Carney v. Verizon Wireless Telecom, No. 09cv1854, 2010 WL1947635,
15 at *1 (S.D. Cal. May 13, 2010), the plaintiff brought claims under, *inter alia*, § 201(b), and
16 Cal. Bus. & Prof. Code § 17200 because she had been charged sales tax based on the full
17 retail price of a phone instead of the sales price. While the § 17200 claim survived a motion
18 to dismiss, the § 201(b) claim did not because the plaintiff had not satisfied the requirement
19 of an FCC determination of unreasonableness: "The Court also rejects Plaintiff's argument
20 that she may proceed with this [47 U.S.C § 201(b)] claim absent a prior determination from
21 the FCC that the practice at issue here is unlawful." Id. at *5.

22   Plaintiff's argument that §§ 206 and 207 provide an independent basis for filing suit
23 against AT&T is unpersuasive. Section 206 predicates liability on acts or omissions by the
24 common carrier "in this chapter prohibited." Plaintiff does not cite to any provision of the
25 Federal Communications Act, other than § 201(b), that prohibits AT&T's alleged billing
26 practices. Although § 207 provides that an action can be commenced either in district court
27 or before the FCC, a plaintiff bringing a claim for a violation of § 201(b) in district court must
28 still satisfy the requirement of a determination by the FCC that the practice in question is

1 unreasonable or unfair. See, e.g., Metrophones Telecomm. v. Global Crossing Telecomm., 423 F.3d 1056, 1065 (9th Cir. 2005), aff'd, 550 U.S. 45 (2007) (explaining that FCC had determined that failure to pay compensation to PSPs violated § 201(b) and that practice was therefore actionable in district court pursuant to §§ 206 and 207); North County, 594 F.3d at 1160 (explaining that §§ 206 and 207 do not establish an independent private right of action for compensation); Higdon, 2010 WL 1337712, at *4 ("If Higdon's action does not lie under § 201(b), then the remedies described in §§ 206 and 207 are similarly unavailable.").

Plaintiff has failed to satisfy the prerequisite of an FCC determination that the challenged conduct is unfair or unreasonable. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim for violation of 47 U.S.C. § 201(b), and the claim is **DISMISSED** without prejudice.

**B.    Remand to State Court**

The claim under 47 U.S.C. § 201 is the sole basis for this Court's removal jurisdiction. (Def.'s Notice of Removal ¶ 8.)[1] Now that the Court has dismissed Plaintiff's claim under 47 U.S.C. § 201, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The case is at an early stage and no special considerations weigh in favor of the Court retaining jurisdiction over the state claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir.1991) ("[I]t is generally preferable for a district court to remand remaining pendant claims to state court."). Therefore, the Court does not reach Defendant's motion to dismiss the state claims and **REMANDS** the case.

///
///

---

[1] Diversity is lacking because Plaintiff is a resident of California and Defendant has been identified as a California corporation. (FAC ¶¶ 8-9.) Defendant does not claim that the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

## IV.  CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss is **GRANTED** in part.  The Court **DISMISSES** without prejudice the claim for violation of 47 U.S.C. § 201.  The Court **REMANDS** the case to the Superior Court of the State of California, County of San Diego. **IT IS SO ORDERED.**

DATED:  July 30, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge